UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

Criminal Case No. 10-20388
Honorable Linda V. Parker

TIMOTHY GRAYSON,

        Defendant.
_____/

### OPINION AND ORDER (1) DENYING WITHOUT PREJUDICE DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE & (2) DENYING DEFENDANT'S REQUEST FOR SENTENCE REDUCTION (ECF NO. 821)

On September 19, 2011, Defendant Timothy Grayson pleaded guilty pursuant to a Rule 11 Plea Agreement of (i) conspiracy to distribute and possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846 ("Count One") and (ii) possession of a firearm in furtherance of a drug trafficking crime. ("Count Two").  (ECF No. 449 at Pg. ID 2070.)  In his plea, Defendant admitted that he had been previously convicted of—among other things—maintaining a drug house.  (*Id.* at Pg. ID 2076-77.)  Based on this, the Government filed an information pursuant to 21 U.S.C. § 851, alleging that Defendant had been convicted of a prior felony drug offense and that conviction warranted a sentencing enhancement as to Count I.  (*Id.* at Pg. ID 2077.)  Though "[D]efendant specifically reserve[d] the right

to contest whether this conviction qualifies as a 'felony drug offense,' as defined by 21 U.S.C. § 802(44)," the parties agreed that "[s]hould the court determine that [D]efendant's conviction qualifies as a prior 'felony drug offense,' . . . the court **must** impose a sentence of imprisonment on Count One of at least [10] years and that term **must** run consecutively to the five year term of imprisonment to be imposed on Count Two." (*Id.* (emphasis in original).)

On January 17, 2012, the Court denied Defendant's Motion to Quash 21 USC 851 Enhancement/Strike Predicate Felony and sentenced Defendant to a term of imprisonment of 15 years.  (ECF Nos. 506, 531 at Pg. ID 2568, 2595.)  Defendant appealed the Court's denial of his motion to quash and the Sixth Circuit subsequently affirmed, stating that "Grayson's prior conviction for 'maintaining a drug house' under Michigan state law is a 'prior felony drug offense' under 21 U.S.C. § 802(44) for purposes of enhancing his federal sentence." *United States v. Grayson*, 731 F.3d 605, 606 (6th Cir. 2013).

Presently before the Court is Defendant's letter seeking "a sentence reduction under the broader sentence guidelines in the passing of the First Step Act [and] [f]or the extraordinary situation that happen[ed] to [him] at [his] sentence."  (ECF No. 821 at Pg. ID 12125.)  It appears that Defendant requests two alternative forms of relief:  compassionate release in light of the novel coronavirus ("COVID-19") or a

sentence reduction pursuant to § 401 of the First Step Act ("FSA"). The Government opposes both forms of relief. (ECF No. 827.)

## *Compassionate Release*

It is widely acknowledged, based on expert guidance, that there is a greater risk of COVID-19 infection for incarcerated individuals and a particular risk of serious outcomes for infected individuals who are 60 years of age or older or who have certain underlying medical conditions. Defendant, who does not allege to be 60 years of age or older, claims to be at heightened risk of developing severe health complications if he contracts COVID-19 because he has "chronic asthma, obesity, [and] chronic sinus congestion, and [is] African-American." (ECF No. 836 at Pg. ID 12206.)

A defendant may move for compassionate release under § 3582(c)(1)(A). Under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990) (concluding that the burden of proving facts that could

decrease a potential sentence fall upon the defendant); *see also United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

In the present case, Defendant has not satisfied this burden. Defendant presents no evidence supporting his claim that he has chronic asthma or any other condition that places him at heightened risk of a severe outcome if he contracts COVID-19. For this reason, the Court finds it unnecessary to determine whether the factors in § 3553(a) support his release.

### *Sentence Reduction Pursuant to § 401*

Following the passage of the FSA, a defendant's prior conviction must meet a new definition of "serious drug felony." The Government agrees with Defendant's contention that, "if he had been sentenced today," "his prior conviction would no longer qualify as a 'felony drug offense' after the [FSA] and thus the minimum sentence for his conspiracy to distribute drug conviction would not have been enhanced to 10 years." (ECF No. 827 at Pg. ID 12163.) But Defendant concedes that the FSA does not apply retroactively. (ECF No. 821 at Pg. ID 12126.)

Section 401(c) states that the amendments "shall apply to any offense that was committed before the date of enactment of this Act [December 21, 2018], if a sentence for the offense has not been imposed as of such date of enactment." First

Step Act, § 401(c). Section 401 does not apply to Defendant because he was sentenced on January 17, 2012, prior to the FSA's effective date. *See United States v. Richardson*, 948 F.3d 733, 749 (6th Cir. 2020) (citing *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019)) ("We held that section 401's 'limited retroactivity' does not apply to Wiseman 'as he was sentenced prior to [the Act's] effective date.'"). The Court, thus, cannot reduce Defendant's sentence. *See* 18 U.S.C. § 3582(c)(2).

Accordingly,

**IT IS ORDERED** that Defendant's request for a sentence reduction (ECF No. 821) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request for compassionate release (ECF No. 821) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

    s/ Linda V. Parker  
    LINDA V. PARKER  
    U.S. DISTRICT JUDGE

Dated: June 26, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 26, 2020, by electronic and/or U.S. First Class mail.

    s/ R. Loury  
    Case Manager